PHILIP C. LEE v. BOARD OF TOWNSHIP COMMITTEE OF
THE TOWNSHIP OF KEARNY.

Where separate actions are brought by the same plaintiff against the same defendant, on several certificates of indebtedness, for the same consideration, maturing at the same time, or all due when the suits are commenced, they will be consolidated in one suit

On motion to open judgments, &c.

Argued at June Term, 1880, before Justices SCUDDER and MAGIE.

For the plaintiff, *L. McCarter*.

For the township, *W. B. Williams*.

The opinion of the court was delivered by

SCUDDER, J. The plaintiff brought thirteen separate actions against the township of Kearny, on thirteen improvement certificates, for a like amount, for the same consideration, maturing at the same time, and all due when the suits were commenced. A declaration was filed in each case. Before pleading, the defendants, on proof that the defence to all the certificates was the same, obtained a rule to consolidate the thirteen suits, and that the defendants have ten days' further time to plead.

One plea of the general issue was afterwards filed, issue was joined, the case was tried before a jury in the Circuit Court, December Term, 1879, and resulted in a verdict for the plaintiff, for $13,590.18, being the aggregate amount of the thirteen certificates, and interest. By a written consent, signed by the attorney of the plaintiff, the calculation and minute of the verdict were corrected, and reduced to $13,506.52. The plaintiff's attorney was thereby authorized to enter judgment for the corrected amount.

This verdict was divided into thirteen separate amounts, apportioned to each suit, *posteas* drawn and signed, costs taxed, and judgments entered in all.   The motion is now made, in behalf of the defendants, that these judgments be vacated, with the costs, *posteas,* and rules entered thereon ; that the declarations be amended so as to include all the certificates, and that one *postea* be signed, and judgment entered corresponding to the verdict.

This was a clear case for the interposition of the court, to consolidate unnecessary actions, before issue joined, under the practice act.   *Rev., p.* 867, § 121.   After the rule to consolidate had been granted, there was no authority to proceed in any other form, and the case was tried as if there had been an actual consolidation in the declaration, with one plea, and a single issue. The objects of the rule in securing a single trial, and preventing the accumulation of costs in thirteen suits, would be frustrated, if this falsification of the records was permitted' to stand.   So long as the rule to consolidate remained, the plaintiff was bound to conform the action to its requirement.

The error has doubtless arisen by a misapplication of what was called the consolidation rule in the courts of England, introduced in the time of Lord Mansfield, for the stay of proceedings in actions against several writers on the same policy of insurance.   1 *Tidd's Prac.* 614; 1 *Abb. Law Dic.* 268.

The two methods of procedure are stated and distinguished in 3 *Chit. Gen. Prac., p.* 642, § 27, the one to consolidate several actions or demands into one, where the same plaintiff has several claims against the same defendant, all complete at the same time, or at least before he has issued any writ; the other where several actions have been brought on separate causes of action, accruing at different times, and the court, on terms, pronounced a rule suspending the trial of more than one action.   The learned author says that the term "consolidation rule" is, though improperly, used as applicable to both cases.   The consolidation rule suspending the proceedings in several actions on the same policy, bond, &c., against several

Lee v. Township of Kearny.

separate defendants, until one action has been tried, is distinct from those last above mentioned, and is also improperly called a consolidation rule; it is more appropriately styled a stay of proceedings until one action has been tried.

*Cecil* v. *Brigges*, 2 *T. R.* 639, states the true conditions of consolidation—that if two actions are brought by the same plaintiff, at the same time, for causes of action which may be joined, and the defendant is holden to bail in both, the court will compel the plaintiff to consolidate them, and to pay the costs of the application. The reason given is that, as by the rules of law, the plaintiff might have comprised both of his causes of action in the same declaration, it was oppressive to sue out two writs at the same time.

In *Cunnack* v. *Gundry*, 1 *Chit. R.* 709, where the declaration contained ninety-eight counts upon as many promissory notes, for £1 each, the court refused to consolidate in one count, but hit on the device of pronouncing a rule for striking out all the counts but one, and giving the other notes in evidence, under the count, upon an account stated. If the pleading should become cumbersome, by the multiplicity of separate counts, the court would give relief by putting the parties on terms. Note (*a*) to above case cites other cases of consolidation.

These rules and their application are further illustrated and commented upon in 2 *Chit. Archb. Prac.* 1357.

If the terms consolidation and stay of proceedings until one action is tried, were kept distinct, some of the confusion found in the cases would be obviated.

In this court, in the case of *Den* v. *Kimble*, 4 *Halst.* 335, this subject is examined, and the two modes in which the effects of consolidation are attained, are stated to be—the one where the actions are actually consolidated, and the other, which may be called a *quasi* consolidation, where one action is tried and the rest are to abide the event.

The latter is usually adopted by consent; the former is ordered by the court, to prevent oppression and the accumulation of costs.

---

In this case, the thirteen separate rules for judgment, *posteas*, and bills of costs, will be vacated and set aside; the summons and declaration in one action will be amended to include and consolidate all the separate thirteen claims, *nunc pro tunc*, one *postea* signed and filed conforming to the verdict of the jury, one bill of costs taxed, and one judgment entered in the consolidated action.

As the rule for consolidation was not asked or entered without costs in the other separate actions, costs will be allowed to be taxed in them, down to the time of the entry of the rule of consolidation. The costs of this motion must be paid by the plaintiff.

Rule made absolute.